[L. A. No. 4873. In Bank.—August 28, 1917.]

## A. J. CROSE, Petitioner, v. CITY COUNCIL OF THE CITY OF LOS ANGELES et al., Defendants.

MUNICIPAL CORPORATIONS — BOROUGH GOVERNMENTS — CONSTITUTIONAL LAW.—Under section 8 of article XI of the Constitution, providing that it shall be competent in any city charter to provide for the division of the city governed thereby into boroughs, the right of borough government cannot be extended to a part of the territory of a city and denied as to another portion, and a provision in a city charter for the establishment of borough governments within a limited area of the city is unconstitutional.

APPLICATION for a Writ of Mandate to compel a city council to call an election to determine whether certain territory should have a borough government.

The facts are stated in the opinion of the court.

Carter & Torchia, for Petitioner.

Albert Lee Stephens, City Attorney, for Defendants.

McClure & Turner, *Amici Curiae.*

MELVIN, J.—This matter comes before us on a demurrer to the petition for a writ of mandate.

Petitioner, who is a resident and an elector within that part of the city of Los Angeles formerly known as Wilmington, asks that the council of the city of Los Angeles be com-

manded to call an election as prayed in a petition by which the signers requested that an election should be had within a certain district in said city to determine whether or not such territory should have a borough government and to elect the trustees of such borough if a sufficient number of citizens should vote for the formation of such a government. The refusal of the city council is based upon the belief of the members of that body that they are without power and authority to call such an election. The questions involved are purely legal, and may be finally determined, therefore, upon this general demurrer.

Los Angeles is a city having a freeholders' charter. In 1909 this charter was amended by the insertion of a provision for the establishment and government of boroughs within a limited area of the city. When this amendment to the charter was made there was no provision in the Constitution of California for the creation of borough governments. Since that time through the Constitution by amendment the people have formally recognized the right to establish boroughs. Section 8 of article XI of the Constitution in its present form is in part as follows: "It shall be competent in any charter to provide for the division of the city or city and county governed thereby into boroughs or districts, and to provide that each such borough or district may exercise such general or special municipal powers, and to be administered in such manner, as may be provided for each such borough or district in the charter of the city or city and county."

The provisions relative to formation of boroughs are found in section 258 of article XXV of the charter of Los Angeles, which provides that a borough may be established in any territory annexed to the city of Los Angeles *after the adoption of the amendment,* such borough to contain not less than five hundred inhabitants; that the government thereof shall be vested in a board of trustees of five members, to be elected by the qualified electors of the borough and other officers to be appointed by the trustees pursuant to the terms of the charter; that whenever a petition shall be presented to the city council of the city of Los Angeles signed by at least fifty per cent of the qualified voters residing in such territory, computed upon the number of votes cast at the last state election, describing the boundaries and stating the selected name of the proposed borough, "and praying for the establishment

therein of a borough system of government, the city council of the city of Los Angeles must without delay submit to the voters of such territory the question whether such proposed borough shall be established, at a special election to be called and held for that purpose.'' These provisions are followed by requirements for the publication of notice of the election, and it is further provided that ''such notice shall particularly describe the boundaries of such proposed borough; shall state the name thereof, and shall require the voters to cast ballots, which shall contain the words, 'For the Establishment of the Borough,' or 'Against the Establishment of the Borough,' or words equivalent thereto, and also the names of the persons to be voted for to fill the office of members of the board of trustees of such proposed borough.'' The charter further provides that if upon the canvass of the votes cast at the election a majority are in favor of the establishment of such borough, the council shall declare it duly founded with the name thereof as stated in the petition, and shall announce that the five persons receiving respectively the highest number of votes are duly elected members of the board of trustees of such borough.

It is not necessary to discuss all of the reasons suggested for sustaining the demurrer to the petition. We shall consider but one.

We shall not be at pains carefully to define the word ''borough'' nor to follow counsel in their learned and interesting discussion of the origin and development of boroughs in England and in certain states of our Union, notably New York. It is sufficient for us to declare the obvious truth that a borough is one of the units composing a territorial fraction of a city and vested with certain powers having reference to local concerns. Petitioner insists that by the solemn constitutional provisions of 1911 and 1914 the people of this state have recognized the principle of municipal government through a system of boroughs. This is true, but we are aided little by that fact in solving the problem now before us.

We have quoted above section 8 of article XI in its present form. In 1911 this part of the Constitution made it competent in any city charter to provide ''for the establishment of a borough system of government for the whole or any part of the territory of such city.'' (Stats. 1911, p. 2179.) It will be noticed that the later amendment which is now in effect

contemplates a "*division* of the city or city and county" into boroughs; therefore the policy of the state as expressed in the Constitution is undoubtedly opposed to a system extending the right of borough government to a part of the territory of a city and denying it to another portion.   The Constitution as it now stands controls the matter, and section 8 of article XI clearly provides that borough government when established shall extend over all and shall not be applied to a part of a municipality.   The scheme provided in the charter of the city of Los Angeles for the erection of borough governments is therefore opposed to the Constitution.

The demurrer is sustained and the alternative writ of mandate heretofore issued is dismissed.

Henshaw, J., Lorigan, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.